IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIKA RIVERA, | ) | No. CV-F-04-6771 REC SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| vs. | ) | MOTION TO DISMISS. |
| | ) | |
| CITY OF MERCED, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 28, 2005, the Court heard Defendants' motion to dismiss.  Upon due consideration of the written and oral arguments and the record herein, the Court GRANTS IN PART AND DENIES IN PART the motion as set forth below.

**I.   Factual Background**

On the evening of April 15, 2004, Merced Police Department Officer Stephan Gray was killed.  Plaintiff Erika Rivera's son was the primary suspect.  On April 17, 2004, Plaintiff was arrested pursuant to a warrant for suspected violation of section 32 California Penal Code, being an accessory by aiding her son and hindering the law enforcement investigation.

Prior to arresting Plaintiff, officers came to Plaintiff's

1

house with weapons drawn.  Plaintiff, her sixteen year old
daughter and eighteen year old son were required to lie on the
ground as officers pointed service pistols at their heads.  The
officers apparently left, but returned to Plaintiff's house at
approximately 1:00 a.m. on Saturday, April 17, 2004.  The
officers served Plaintiff with an arrest warrant, which Plaintiff
alleges was falsely obtained.  The officers took Plaintiff into
custody and transported her to the central station.  Plaintiff
was handcuffed and shackled as she was transported.

At the station, Plaintiff was booked, searched and put into
custody.  When Plaintiff was searched, she was made to undress
completely.  A female officer conducted the search and a male
officer was present during the search.  Plaintiff was interviewed
by Defendant Merced Police Officer Ray Sterling, who was assisted
by Defendant Officer Dabney who is fluent in Spanish and
translated the interview.  The interview was videotaped and
recorded.  During the course of the interview, Plaintiff was
repeatedly told in Spanish that officers were going to kill her
son.  Plaintiff was held in a single cell for approximately seven
days and "was not provided with adequate clothing, bedding, heat,
medical care and other required comforts of jail."  Compl. ¶ 17.

Defendants requested bail be set for $500,000 allegedly for
the puprose of keeping Plaintiff incarcerated for a longer period
of time.  The purpose of this was to effectuate the apprehension
of Plaintiff's son.

On Wednesday, April 21, 2004, a criminal complaint was filed

2

against Plaintiff and she was taken before a court.  The
arraignment began on April 21, 2004 and was continued to April
23, 2004.  On April 23, 2004, Plaintiff was released on her own
recognizance.  On July 8, 2004, the charge against Plaintiff was
dismissed for insufficient evidence.

**II.  Procedural History**

Plaintiff filed her Complaint on December 30, 2004.  The
Complaint purports to be based on diversity and names as
Defendants the City of Merced; the City of Merced Police
Department; City of Merced Police Officers Dabney, Scott Skinner,
and Ray Sterling; the County of Merced; the County of Merced
Sheriff's Department; City of Merced Police Officer Vernon
Warnke; the County of Merced District Attorney; and Bureau of
Narcotics Enforcement Agent Eloy Romero.  The Complaint alleges
eight causes of action: assault by a peace officer, battery by a
peace officer, false arrest with a warrant by a peace officer,
unnecessary delay in processing and releasing Plaintiff,
malicious prosecution, abuse of process, intentional infliction
of emotional distress, and a 42 U.S.C. § 1983 claim for violation
of Plaintiff's civil rights.

The County of Merced Defendants ("Defendants"), which
include the County, the Sheriff's Department, Vernon Warnke and
the District Attorney's Office, have moved to dismiss based on
failure to state a claim, failure to comply with the California
Tort Claims Act and immunity.  Defendants also move to strike
Plaintiff's claim for punitive damages.

3

**III.  Plaintiff's Non-Opposition**

Plaintiff concedes that the claim for punitive damages is barred by both state and federal law and should be stricken.  <u>See</u> Cal. Govt. Code § 818; <u>Newport v. Fact Concerts, Inc.,</u> 453 U.S. 247, 259-260, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

Plaintiff also concedes that the Complaint incorrectly alleges that the Court's subject matter jurisdiction is based on diversity, which is plainly lacking in this case.  The Complaint does, however, include a federal section 1983 claim providing federal question jurisdiction.  Although the form was improper, it is apparent that the Court has subject matter jurisdiction based on a federal question.

**IV.  Legal Standard**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983).  The Court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752 (9th Cir. 1994).

4

1    A complaint may be dismissed as a matter of law if there is

2  a lack of a cognizable legal theory or if there are insufficient

3  facts alleged under a cognizable legal theory.  <u>Balistreri v.</u>

4  <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The

5  Court must determine whether or not it appears to a certainty

6  under existing law that no relief can be granted under any set of

7  facts that might be proved in support of a plaintiff's claims.

8  <u>De La Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), *cert.*

9  *denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).

10 **V.  Discussion**

11    **A.   Failure to State a Claim - Generally**

12    Defendants argue that Plaintiff properly alleges the

13 existence of the County of Merced, the Merced Sheriff's

14 Department and the Merced District Attorney, but fails to allege

15 that any of the individual Defendants are employees of these

16 public entities.  Defendants correctly point out that the

17 Complaint alleges that, with the exception of Agent Romero, all

18 the individual Defendants are allegedly employees of the City of

19 Merced.  Defendants also take issue with Plaintiff's general

20 allegations against all Defendants, arguing that public entities,

21 being entities rather than individuals, cannot have committed the

22 acts against Plaintiff.

23    As to the federal claims, Plaintiff alleges failure to train

24 or supervise and that the civil rights violations were committed

25 in accordance with custom or policy.  Compl. ¶¶ 51-52.  This

26 allegation goes against the public entity defendants.  As to the

state law claims, Plaintiff uses the language "Defendants, and each of them" which Defendants argue is a "metaphysical conundrum" because public entities, as entities, cannot be individual actors.  This argument, in addition to being unsupported by any legal authority, fails to consider that, under California law, a public entity may be vicariously liable for the torts of its employees.  See Cal. Govt. Code § 815.2(a).

Defendants are correct, however, that Plaintiff erroneously alleges that Vernon Warnke is a City of Merced Police Officer rather than a Sheriff's Deputy.  This correction may be made in an amended complaint.  Accordingly, Defendants' motion to dismiss is GRANTED as to the state law claims and DENIED on this basis as to the federal claim.  Plaintiff is granted leave to amend consistent with this order.

**B.   Section 1983 Claim**[1]

Section 1983 provides an avenue of recovery for a person who was deprived of a federally protected right by a person acting under color of state law.  28 U.S.C. § 1983.  Plaintiff's section 1983 claim is at least two claims and the Court has addressed them separately.

**1.   Fourth Amendment**

The use of excessive force by an officer in making an arrest

---

[1]   Defendants asserted that there was "no need to reach" the issue of whether the Complaint states a claim against a public entity under the standard set forth in <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 806 (1986), so the Court will not address the issue at this time.

1  can support a claim under section 1983 based on a Fourth

2  Amendment violation.  Graham v. Connor, 490 U.S. 386, 394, 109 S.

3  Ct. 1865, 104 L. Ed. 2d 443 (1989).  The Fourth Amendment's

4  "objective reasonableness" standard is used to evaluate such

5  claims.  Id. at 388.

6      Plaintiff alleges that the force used in completing her

7  arrest was excessive.  Defendants argue that "a review of the

8  factual allegations surrounding her arrest reveals that

9  apparently no force whatsoever was used to effect it."

10     Although the Complaint does not specify which actors were

11 involved, it does allege that Plaintiff was held at gunpoint, was

12 "harmed," and required medical care.  Compl. ¶¶ 13, 22, 55.

13 Plaintiff was also shackled as she was transported, which

14 conceivably could result in injury.  Additionally, the facts

15 allege that Plaintiff was subjected to a strip search, which can

16 also form the basis of a section 1983 claim based on the Fourth

17 Amendment.  See Fuller v. M.B. Jewelry, 950 F.2d 1437, 1445-46

18 (9th Cir. 1991).

19     Accordingly, viewing the facts alleged in the Complaint, as

20 the Court must, in the light most favorable to Plaintiff, there

21 are sufficient facts alleged for Plaintiff to state a section

22 1983 claim based on a Fourth Amendment violation.  Defendants'

23 motion is DENIED and this claim may be included in an amended

24 complaint.

25               **2.  Eighth Amendment**

26     Plaintiff alleges that the conditions of her confinement

exposed her to risk of harm and that she was deprived of medical care while incarcerated.

The "Constitution does not mandate comfortable prisons, and prisons . . . cannot be free of discomfort." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). Nonetheless, conditions of confinement may amount to cruel and unusual punishment in certain circumstances. Wilson v. Seiter, 501 U.S. 294, 304-05, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Similarly, deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eight Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04, 97 S. Ct. 285 (1976) (citing Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909)). Not every claim of physical pain or anguish caused by medical conditions is actionable; an inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105-06.

In order to recover for a violation of the Eighth Amendment, a plaintiff must demonstrate "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). She must show that Defendants acted with "deliberate indifference." Deliberate indifference is satisfied by a showing that the defendants recklessly disregarded a substantial risk of harm to the inmates health or safety and it requires a showing that the

8

1  official was subjectively aware of the risk and recklessly
2  disregarded it.  Id. at 828-29..  Farmer v. Brennan, 511 U.S.
3  825, 828-29, 834-36, 114 S. Ct. 1970 (1994).

4    Defendants argue that "there are no factual allegations
5  which even remotely approach the deliberate indifference standard
6  required in order to find a Constitutional/Civil Rights
7  violation."  Defs.' Mot. at 11.

8    There is no heightened pleading standard in Constitutional
9  tort cases.  Galbraith v. County of Santa Clara, 307 F.3d 1119,
10 1127 (9th Cir. 2002).  A plaintiff must demonstrate deliberate
11 indifference based on the facts in order to *recover* for a
12 violation of the Eighth Amendment.  Such a showing is not
13 required to *plead* such a claim.  The liberal notice pleading
14 standard set forth in Rule 8(a) of the Federal Rules of Civil
15 Procedure governs such claims.

16   The Complaint alleges that the "general conditions of
17 Plaintiff's confinement . . . exposed Plaintiff to a substantial
18 risk of serious harm Defendants knew of and disregarded by
19 failing to take reasonable measures to correct [them]."  The
20 Complaint also alleges that while Plaintiff was confined in jail
21 she "was not provided with adequate clothing, bedding, heat,
22 medical care and other required comforts of jail."  These
23 allegations are sufficient to notify Defendants of the basis for
24 Plaintiff's claim.  Defendants' motion is DENIED and this claim
25 may be included in Plaintiff's amended complaint.
26 ///

### C.  Compliance with the California Tort Claims Act

Defendants argue that claims one, two, four, six and seven - all the state law claims except for false arrest and malicious prosecution - are barred because Plaintiff has failed to comply with the requirements of the California Tort Claims Act.  The Complaint alleges that Plaintiff filed claims with both the City of Merced and the County of Merced and that these claims were rejected on October 22, 2004 and November 12, 2004, respectively. Defendants argue that the claim[2] that was filed was so lacking "in factual details that it fails to satisfy the Tort Claims Act for many of Plaintiff's asserted causes of action."  Defs.' Mot. at 4.  Defendants also argue that the claims against Defendant Warnke fail because the claims against his employer fail.

### 1.  Standard for Claims Under the Tort Claims Act

Government Code section 945.4 prohibits suits against public entities until after a written claim for damages has been presented to the public entity and rejected.  Cal. Govt. Code § 945.4.  A claim must be timely filed and include the name of the claimant, the "date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"

---

[2] Defendants attached certified copy of Plaintiff's two page claim to their motion and request that the Court take judicial notice of the filing.  In certain cases a court may take judicial notice of facts outside the pleadings, such as "records and reports of administrative bodies," on motion to dismiss without converting the motion to one for summary judgment.  Fed. R. Evid. 201(b); Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).  Accordingly, the Court hereby takes judicial notice of the claim.

1 and provide "[a] general description of the . . . injury, damage

2 or loss incurred so far as it may be known at the time of

3 presentation of the claim."  Id. at § 910.  An amount must be

4 included if less than $10,000 in damages is being claimed.

5      The California Supreme Court recently considered the purpose

6 of the claim requirement in determining whether a claim met with

7 the specificity required by section 910.  In Stockett v.

8 Association of California Water Agencies Joint Power Insurance

9 Authority the court stated that:

10      The purpose of these statutes is to provide the public
     entity sufficient information to enable it to
11      adequately investigate claims and to settle them, if
     appropriate, without the expense of litigation.
12      Consequently, a claim need not contain the detail and
     specificity required of a pleading, but need only
13      fairly describe what the entity is alleged to have
     done.  As the purpose of the claim is to give the
14      government entity notice sufficient for it to
     investigate and evaluate the claim, not to eliminate
15      meritorious actions, the *claims statute should not be
     applied to snare the unwary where its purpose has been*
16      *satisfied*.

17 34 Cal. 4th 441, 446 (2004) (quotations, citations omitted)

18 (emphasis added).  The court also explained that while a claim

19 must allege all factual bases for recovery from the public

20 entity, it "need not specify each particular act or omission

21 later proven to have caused the injury."  Id. at 447.  If the

22 complaint shifts allegations to entirely different facts or

23 events, the claims requirement is not met, but if the complaint

24 "merely elaborates or adds further detail to a claim, but is

25 predicated on the same fundamental actions or failures to act by

26 the defendants, courts have generally found the claim fairly

1  reflects the facts pled in the complaint."   <u>Id.</u>

2      Further, the claims act requirements should be "given a

3  liberal construction to permit full adjudication on the merits.

4  If the claim gives adequate information for the public entity to

5  investigate, additional detail and elaboration in the complaint

6  is permitted."   <u>Id.</u> at 449 (quotations, citations omitted).

7      Unlike the case with public entities, a claim is not

8  required in order to maintain an action against a public employee

9  for injury resulting from an act or omission in the scope of the

10 public employee's employment.   <u>See</u> Cal. Govt. Code § 950.

11 However, if an action against the employing public entity is

12 barred, so is an action against any employee thereof.   Cal. Govt.

13 Code § 950.2.

14    **2.  Application to Plaintiff's Claim**

15     The claim submitted to the County of Merced includes the

16 following (Plaintiff's response in italics):

17     6.  Date of Accident/Incident/Loss: *April 17, 2004*

18     8.  Provide your description of how the Accident/
       Incident/Loss/Occurred: *This is a claim for the false*
19     *arrest, false imprisonment, and false criminal charges*
       *against claimant in violation of her state and federal*
20     *constitutional rights.*

21     9.  Describe the Damage/Injury/Loss being claimed: *The*
       *violation of constitutional rights.*
22

23 The claim also specifies that the County of Merced, the Merced

24 Police Department and the District Attorney caused the damage,

25 indicates that there are no known witness and indicates no

26 medical professional treated Plaintiff for claimed injuries.

12

1    This claim is sufficient.  It provided notice to the County

2    of the date of the loss and the factual gist of Plaintiff's

3    claim, that she was allegedly falsely arrested and taken to jail.

4    This would be enough information for the County to begin an

5    investigation and indeed the County apparently found it a

6    sufficient enough claim to warrant rejection.

7    Additionally, there is no material difference between the

8    facts alleged claim and the complaint.  The Court acknowledges

9    that there are no real details in the claim, but the crucial

10   issue here is that the Complaint elaborates on the basic facts

11   alleged.  Defendants' argument that Plaintiff's causes of action

12   differ does not change the fact that Plaintiff's claim and

13   Complaint are based on the same events.  It is the factual and

14   not the legal basis that is the concern in the Claims Act

15   requirements.  See Stockett, 34 Cal. 4th at 447.  Defendants cite

16   no authority for the proposition that a plaintiff must assert

17   each and every conceivable legal cause of action within a

18   government claim.

19   Also, the claim form itself provides only four lines in

20   which to describe an incident and does not indicate that

21   additional pages may be attached.  By its own form the County has

22   indicated that it needs only the minimum amount of information to

23   begin an investigation.  This is especially relevant given that

24   Government Code section 910.4 provides that an entity "shall

25   provide forms specifying the information to be contained in

26   claims" and that a party "shall use the form" provided to be in

conformity with the statute.  Accordingly, Plaintiff's state law claims against the County public entities are not defeated by the California Tort Claims Act.

As to Defendant Warnke, Plaintiff was not required to file a claim against him under the Tort Claims Act.  Because the claims against his employing public entity (the County) are not barred, the claims against him are likewise not barred.

Defendants' motion to dismiss Plaintiff's state law causes of action for failure to comply with the Tort Claims Act is DENIED.

### D.  Immunity Issues

#### 1.  Claim Three - False Arrest

Defendants argue that their actions are immune under both section 43.55 of the California Civil Code and section 847 of the California Penal Code.  Section 43.55 of the California Civil Code provides immunity for "any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant."  Cal. Govt. Code § 43.55.  Similarly, section 847(b) of the California Penal Code provides that there may be no civil liability or cause of action against a peace officer "acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest" if "the arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful."

14

Cal. Penal Code § 847(b).

However, as Defendants acknowledge, the immunity provided by sections 43.55 and 847(b) is conditional.  There is no immunity if an officer acts on deliberately false information and executes the warrant with malice or if the officer lacks reasonable cause to believe the arrest was lawful.

Here, the Complaint alleges that Plaintiff was arrested pursuant to a warrant but alleges that the warrant was "falsely obtained."  Compl. ¶ 11.  The Complaint further alleges that Defendants procured Plaintiff's arrest by "knowingly providing false or materially incomplete information of a character that could be expected to stimulate an arrest by knowingly, oppressively, maliciously, despicably concealing true facts and providing false facts to obtain a warrant."  Compl. ¶ 35.

Defendants argue that these allegations are conclusory and insufficient to withstand a motion to dismiss.  Defendants cite cases involving a criminal suppression hearing and an administrative warrant for housing violations.  These cases are irrelevant to this civil case.  To the extent Defendants argue that the officer's belief was reasonable, it is inappropriate at this juncture.  Such an argument is one for summary judgment and would require, at a minimum, evidence from the arresting officer.[3]

---

[3] Defendants request that the Court take judicial notice of the warrant for Plaintiff's arrest and the accompanying affidavit. Rule 201(b)(2) of the Federal Rules of Evidence specifies that judicial notice may only be taken of a fact that is "not subject to

1    Bearing in mind that the allegations in the Complaint are

2    taken as true and that doubts are resolved in favor of Plaintiff,

3    dismissal based on immunity is inappropriate at this time and

4    Defendants' motion on this basis is DENIED.

5              **2.  Claim Five - Malicious Prosecution**

6         Defendants argue that they are entitled to immunity from

7    Plaintiff's state law claim for malicious prosecution under

8    section 821.6 of the California Government Code[4].  Section 821.6

9    provides that "[a] public employee is not liable for injury

10   caused by his instituting or prosecuting any judicial or

11   administrative proceeding within the scope of his employment,

12   even if he acts maliciously and without probable cause."  Cal.

13   Govt. Code § 821.6.  Prosecutors are public employees within the

14   meaning of the Government Code.  <u>Randle v. City and County of San</u>

15   <u>Francisco</u>, 186 Cal. App. 3d 449, 455-56 (1986).  Section 821.6

16   "is not limited to the act of filing a criminal complaint.

17   Instead, it also extends to actions taken in preparation for

18   formal proceedings.  Because investigation is 'an essential step'

19   toward the institution of formal proceedings, it 'is also cloaked

20   _____

21   reasonable dispute in that it is . . . . capable of accurate and
     ready determination by resort to sources whose accuracy cannot
22   reasonably be questioned."  Given that Plaintiff argues that her
     arrest was based on false information, there is a dispute as to
23   whether the "facts" stated in the affidavit are true.  Accordingly,
     Defendants' request for judicial notice is denied.

24        [4] Defendants fail to note that at least one federal court has
     held that section 821.6 also shields parties such as Defendants
25   here for intentional infliction of emotional distress, Plaintiff's
     seventh cause of action.  <u>See</u> <u>Crowe v. County of San Diego</u>, 303 F.
26   Supp. 2d 1050, 1085-86 (S.D. Cal. 2004).

with immunity.'" <u>Amylou R. v. County of Riverside</u>, 28 Cal. App. 4th 1205, 1209-10 (1994).

Under section 815.2, a public entity is not liable for injury resulting from an act or omission of an employee of the public entity if the employee is immune.  Cal. Govt. Code § 815.2.  This immunity could potentially absolve all Defendants involved in this motion of liability on the state law malicious prosecution claim.

In her opposition Plaintiff argues that immunity does not apply because the acts of Defendants were outside the scope of their employment.  Defendants point out in response that the Complaint alleges that "Individual Defendants Scott Skinner, Officer Dabney, Ray Sterling and Vernon Warnke are City of Merced Officers acting within the *coarse [sic] and scope of their government employment* . . .." Compl. ¶ 4 (emphasis added).  The Complaint does not allege that either the district attorney or any representative of the County of Merced was acting outside the scope of his or her employment in prosecuting or investigating this case.

Accordingly, Defendants motion to dismiss Plaintiff's state law malicious prosecution claim is GRANTED.  Plaintiff is given leave to amend this claim, however an amendment will only be successful if Plaintiff alleges facts indicating that Defendants were acting outside the scope of their employment.  Plaintiff is reminded that Rule 11 of the Federal Rules of Civil Procedure will apply to any amended pleading.

17

**E.   Failure to State a Claim- Claim Four - Delay**

Plaintiff alleges that the delay she experienced between being arrested and being taken before a court was undue. Plaintiff was arrested on April 17, 2004.  The criminal complaint[5] was filed on April 21, 2004 and Plaintiff was brought to court for arraignment on the same day.  Plaintiff was released from custody on her own recognizance on April 23, 2004.

Defendants argue that the forty-eight hour rule for probable cause determination that applies in cases in which a person was arrested without a warrant is inapplicable here and that the delay in this case was acceptable.  Defendants further argue that Plaintiff's allegation that the officers were holding her in jail in an effort to expedite her son's arrest is irrelevant because the arrest was valid.

Defendants are incorrect on the law.  Section 821 of the California Penal Code provides that if a person is arrested pursuant to a warrant, the arresting officer must "take the defendant before the magistrate who issued the warrant or some other magistrate of the same county."  Cal. Pen. Code § 821. Section 825 further specifies that the "defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays."  Cal. Pen. Code § 825(a)(1).

---

[5] At Defendants' request, the Court hereby takes judicial notice, as public records, of the certified copies of the criminal complaint and minute orders issued in Plaintiff's prosecution.

1    As the statute has been interpreted, it appears from the

2   facts alleged that Plaintiff was probably brought before a

3   magistrate within 48 hours.  Plaintiff was arrested in the early

4   morning hours of Saturday, April 17, 2004.  Saturday and Sunday

5   would be excluded.  The 48 hour period would begin in the early

6   morning hours of Monday, April 19, 2004.  Early morning Tuesday

7   would be 24 hours and the time period would run out in the early

8   morning hours of Wednesday, April 21.  Because the courts would

9   not be open at that time, the appearance on Wednesday morning

10   would be in compliance with section 825.

11    That said, it appears to the Court that the statute does not

12   provide a blanket authorization for a delay in all cases.  The

13   California Supreme Court has explained that section 825 "does not

14   authorize a two-day[6] detention in all cases but, instead, places

15   a limit upon what may be considered a necessary delay, and a

16   detention of less than two-days, if unreasonable under the

17   circumstances, is in violation of the statute." Dragna v. White,

18   45 Cal. 2d 469, 473 (1955).  "Where the arrest is lawful,

19   subsequent unreasonable delay in taking the person before a

20   magistrate will not affect the legality of the arrest, although

21   it will subject the offending person to liability for so much of

22   the imprisonment as occurs after the period of necessary or

23   reasonable delay." Id.  California courts have held that the

24   

25    [6] [The time limit was changed from two days to 48 hours in
1995, however even prior to the amendment courts often applied a 48
26   hour standard, so the case law remains on point.]

19

only permissible delay is that necessary to "complete the arrest;

to book the accused; to transport the accused to court; for the

district attorney to evaluate the evidence for the limited

purpose of determining what charge, if any, is to be filed; and

to complete the necessary clerical and administrative tasks to

prepare a formal pleading." Youngblood v. Gates, 200 Cal. App.

3d 1302, 1319 (1988) (quoting People v. Williams, 68 Cal. App. 3d

36, 43 (1977)).

Plaintiff alleges that Defendants intended to induce

Plaintiff's son to surrender by retaining custody of Plaintiff.

This is a sufficient allegation of unreasonable delay to state a

claim, particularly in light of the two full business days

between when Plaintiff was placed in custody and when she was

arraigned.  Accordingly, Defendants' motion to dismiss claim four

on this basis is DENIED.

**ACCORDINGLY,** Defendants' motion to dismiss is GRANTED IN

PART and Plaintiff's state law claims are DISMISSED WITH LEAVE TO

AMEND.

**FURTHER,** Defendants' motion to dismiss is DENIED IN PART as

to Plaintiff's federal Claims.

**FURTHER,** Plaintiff's claim for punitive damages is STRICKEN.

///

///

///

///

///

**FURTHER,** Plaintiff is granted leave to file a first amended complaint consistent with this order.  Such pleading shall contain a proper jurisdictional allegation.

IT IS SO ORDERED.

**Dated:  May 13, 2005**                    **/s/ Robert E. Coyle**
ia40ij                                  UNITED STATES DISTRICT JUDGE

21