UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA RIVERA, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MERCED, CITY OF MERCED POLICE DEPARTMENT, CITY OF MERCED POLICE OFFICER SCOTT SKINNER, CITY OF MERCED POLICE OFFICER RAY STERLING, CITY OF MERCED POLICE OFFICER VERNON WARNKE, CITY OF MERCED POLICE OFFICER DABNEY, COUNTY OF MERCED, COUNTY OF MERCED SHERIFF'S DEPARTMENT, COUNTY OF MERCED DISTRICT ATTORNEY BUREAU OF NARCOTICS ENFORCE-MENT SPECIAL AGENT SUPERVISOR ELOY ROMERO, et al., <br><br> Defendants. | 1:04-cv-06771-SMS <br><br> **ORDER VACATING HEARING RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF EVIDENCE AND DENYING MOTION WITHOUT PREJUDICE** (Doc. 55) <br><br> Date: 3/24/06 <br> Time: 9:30 a.m. <br> Ctrm: 7 ~ 6th Floor <br> Judge: Sandra M. Snyder <br> U.S. Magistrate Judge |

Plaintiff is proceeding with a civil action in this Court. The parties have consented to magistrate judge jurisdiction for all purposes (Doc. 48). Pending before this Court is plaintiff's motion to compel production of relevant evidence (Doc. 55). In opposition to plaintiff's motion, counsel for defendants, County of Merced, Merced County Sheriff's Department, and Vernon Warnke,

1

Terry L. Allen, Esq., filed a declaration in opposition to the motion to compel production of evidence (Doc. 58). The declaration of Norman Newhouse in reply to the opposition to compel production of evidence was filed on March 15, 2006 (Doc. 59).

I. <u>The Hearing on the Motion is Vacated</u>

Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of California, the Court finds that plaintiff's motion to compel is a matter that may appropriately be submitted upon the record and briefs without oral argument.

Accordingly, the hearing on the motion, presently set for March 24, 2006 at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge, is VACATED.

II. <u>Plaintiff's Motion Appears To Be Defective and Premature</u>

Though served on all parties named in the amended complaint (Doc. 38), the notice of motion addresses "Defendant County of Merced and County of Merced District Attorney and Its Attorney of Record" only. See notice of motion, page 2 (Doc. 55). And, clearly stated in plaintiff's points and authorities supporting the motion to compel production of evidence, at page 3, lines 10-12, "Plaintiff requests the Court to order defendant district attorney to produce the black hooded sweatshirt for testing to see if it can be determined whether plaintiff's son ever wore the sweatshirt." In addition, plaintiff seeks attorney's fees and costs in conjunction with the necessity to bring this motion.

There are two glaring errors in plaintiff's motion: (1) The Merced County District Attorney's Office is not a specifically

2

1  named party to this action nor does it have custody of the
2  sweatshirt in question (Docs. 38 & 58); and, (2) the party that
3  *does* have custody of the sweatshirt, The City of Merced, is not the
4  subject of plaintiff's motion to compel - - nor should it be as it
5  is plain from The City of Merced's response to plaintiff's request
6  for production No. 2, set forth as an exhibit to Norman Newhouse's
7  declaration in reply to Merced's opposition to compel production of
8  evidence, "The City of Merced is attempting to arrange an
9  inspection of the black hooded sweatshirt with the Merced County
10 District Attorney's office in light of chain of custody issues in
11 the criminal trial of Mr. Rivera.  The City of Merced will meet and
12 confer with plaintiff [sic] counsel and all counsel to coordinate
13 the inspection once chain of custody issues are resolved with the
14 County of Merced District Attorney's office."  See page -2- of City
15 of Merced's responses to plaintiff's request for production of
16 documents, set one, lines 16-22.

17        The issue of the testing, or not, for DNA evidence from
18 the black hooded sweatshirt does not appear to be ripe for court
19 order:  (1) It is not likely The City of Merced, The City of Merced
20 Police Department, the Merced Multi-Action Narcotic Task Force,
21 and/or The Merced County District Attorney's Office would stipulate
22 and agree to release custody of an arguably critical item of
23 evidence prior to the criminal trial of Mr. Rivera; (2) It is not
24 likely this Court would so order, prior to the conclusion of any
25 criminal trial, absent a showing of extreme good cause and/or
26 prejudice if such an order were not forthcoming in the immediate
27 future; (3) It is not clear to this Court that, at the meet and
28 confer The City of Merced declared it will arrange with plaintiff's

3

1  counsel, a scraping or some such sample from the sweatshirt could
2  not be obtained for testing by plaintiff's expert(s) without the
3  necessity for the relinquishing of custody of the entire
4  sweatshirt; and, (4) If plaintiff believes that by naming the
5  County of Merced in its first amended complaint, the District
6  Attorney's Office is ipso facto a party in this case, authority
7  will need to be provided in that regard.

8  III. Conclusion

9  It is therefore the ORDER of the court that plaintiff's
10 motion to compel production of the black hooded sweatshirt is
11 DENIED WITHOUT PREJUDICE.  If after the meet and confer between
12 counsel for the City of Merced, plaintiff, and other interested
13 counsel for named defendants, the issue of testing for DNA from the
14 sweatshirt is not resolved, this Court advises all counsel to
15 appear telephonically for an informal discovery conference with
16 this Court to attempt to resolve the dispute without need for any
17 further noticed motion(s).

18 Plaintiff's request for an award of attorney's fees and
19 costs is DENIED.

22 IT IS SO ORDERED.

23 **Dated:   March 23, 2006**           **/s/ Sandra M. Snyder**
   icido3                                UNITED STATES MAGISTRATE JUDGE

4